1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CARLOS CORRALES,                          CASE NO. CV-F-06-575 AWI DLB P

12                   Plaintiff,          _____ FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING DISMISSAL OF
13          vs.                           ACTION FOR FAILURE TO OBEY A
                                          COURT ORDER
14   SIX UNKNOWN AGENTS, et al.,
                                          (Doc. 3)
15                   Defendants.
     _____/

16

17          Plaintiff is a federal prisoner proceeding pro se.  Plaintiff seek relief pursuant to <u>Bivens v. Six</u>

18   <u>Unknown Agents</u>, 403 U.S. 388 (1971).  On July 14, 2006, the court issued an order requiring plaintiff

19   to inform the court whether he intended to proceed with this action within 30 days.  More than thirty

20   days have passed and plaintiff has not responded to the court's order.

21          Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

22   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

23   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control

24   their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate

25   . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

26   dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a

27   court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th

28   Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61

                                                    1

(9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).   In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since December 15, 2005.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d 1424.  The court's order expressly stated: "Plaintiff's failure to file a response to this order within thirty days will result in a recommendation that this action be dismissed, without prejudice, for failure to prosecute."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on plaintiff's failure to obey the court's order of July 14, 2006.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the

2

1  court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3         IT IS SO ORDERED.

4     **Dated:    September 27, 2007          /s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28